UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

HUGO FLOREZ and GRACE
FLOREZ,

    Plaintiffs,

v.                                                 Case No.: 2:24-cv-841-SPC-NPM

FIRST COMMUNITY
INSURANCE COMPANY,

    Defendant.
_____/

## OPINION AND ORDER

Before the Court is Defendant's Motion to Dismiss (Doc. 8). Plaintiffs failed to timely respond, even after the Court ordered them to show cause why the motion should not be treated as unopposed (Doc. 17). The Court thus treats the motion as unopposed and grants it for the below reasons.

This is a flood insurance case. Plaintiffs sue Defendant for breach of contract because Defendant allegedly failed "to pay sufficient funds to Plaintiff to restore the covered property to its pre-loss condition." (Doc. 4 ¶ 18). In response, Defendant moves to dismiss under Rule 12(b)(1). Defendant argues that because it has not yet issued a written denial Plaintiffs' claim is unripe and the Court lacks subject-matter jurisdiction over this action.

Defendant issued a National Flood Insurance Program Standard Flood Insurance Policy (SFIP) to Plaintiff. Regarding when a policyholder may sue, the SFIP provides:

> You may not sue us to recover money under this policy unless you have complied with all the requirements of the policy. **If you do sue, you must start the suit within one year after the date of the written denial of all or part of the claim**. . . . This requirement applies to any claim that you may have under this policy and to any dispute that you may have arising out of the handling of any claim under the policy.

SFIP, art. VII(O) (emphasis added). Courts have held that an insured must strictly comply with the SFIP terms. *See Sanz v. U.S. Sec. Ins. Co.*, 328 F.3d 1314, 1318 (11th Cir. 2003) ("We agree with our sister circuits and conclude that the insured must adhere strictly to the requirements of the standard federal flood insurance policy before any monetary claim can be awarded against the government."). And, at bottom, a suit alleging a breach of the SFIP is not ripe until the insurer issues a written denial. *See Burkhalter v. Hartford Underwriters Ins. Co.*, No. 17-CV-01086-BAJ-SDJ, 2021 WL 3121209, at *5 (M.D. La. July 22, 2021).

Defendant provides a declaration from a Flood-Claims Manager stating that Defendant did not issue a written denial to Plaintiffs before they filed suit. (Doc. 12-1 ¶ 7). The Court may consider the declaration at this stage to resolve Defendant's factual attack on subject-matter jurisdiction and the ripeness of the claim. *See Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990)

2

("Factual attacks . . . challenge the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered.") (cleaned up).  And Plaintiffs offer nothing to rebut Defendant's declaration.  So, the Court finds that Defendant has not issued a written denial and must dismiss this action as unripe.

Accordingly, it is now

**ORDERED:**

1. Defendants Motion to Dismiss (Doc. 8) is **GRANTED** and this action is **DISMISSED without prejudice** as unripe.

2. The Clerk is **DIRECTED** to deny any pending motions as moot, terminate and deadlines, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on October 24, 2024.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record